**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20777**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BETTY CONLEY,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(H 94-CR-282-7)
_____

August 18, 1997

Before JONES, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[1]

Betty Conley was convicted after a bench trial of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. She was sentenced to 240 months' imprisonment, followed by 120 months' supervised release. Conley raises five arguments on appeal. Finding no reversible error, we affirm.

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Conley first argues that the district court erred in denying her motion to dismiss the indictment on the grounds that it violates her right to a speedy trial under the Sixth Amendment. Although the delay between charging and trial in this case was longer than a year, we conclude that Conley's right to a speedy trial was not violated. See Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972). The delay was primarily attributable to the over twelve motions filed by Conley, including a motion for the appointment of an independent expert to determine her mental competency and a motion to continue the hearing on her motion to suppress. Furthermore, other than conclusional allegations, Conley has not provided any specific information showing any prejudice from the delay. See Robinson v. Whitley, 2 F.3d 562, 571 (5th Cir. 1993).

In her second and third arguments, Conley asserts that the district court erred in denying a downward departure for her extraordinary physical impairment. Conley does not assert that the district court believed it lacked authority to depart from the guidelines, thus, the refusal to depart downward is not a reviewable issue. See United States v. Burleson, 22 F.3d 93, 95 (5th Cir.), cert. denied, 513 U.S. 911 (1994); United States v. Leonard, 61 F.3d 1181, 1185 & n.3 (5th Cir. 1995).

Fourth, Conley argues that the district court erred by enhancing her sentence based on a prior conviction without conducting the required hearing under 21 U.S.C. § 851(c). Conley filed a "Motion to Disregard Alleged Prior Conviction" urging that she was provided ineffective assistance in connection with the prior conviction, and, accordingly, had entered an uninformed guilty plea. The district court denied her motion without a hearing.

In her affidavit filed in support of her motion, Conley claims that her attorney in the prior case never informed her of the offense to which she was pleading guilty to, the possible punishment, or that she had a right to a jury trial. She also alleges that her attorney did not examine the drugs held by the state in that case. The government filed copies of Conley's written plea of guilty in the prior case, which was sworn to by Conley, as well as the plea agreement, the indictment, the judgment and the transcript of the plea proceeding. The written plea of guilty states that Conley understood the charges and she was waiving her right to a jury trial. The plea colloquy reveals that Conley told the judge in the prior case that she understood the charge and the range of punishment, she understood that she could not appeal, she was not forced to plead guilty, and she swore that her statements in the written plea of guilty were correct. The government also alleges that Conley waived her

right to a hearing under § 851(c) because she acquiesced to the procedure followed by the district court.

Even if Conley did not waive this error, any error by the district court in refusing to hold a hearing on the validity of the prior conviction was harmless. See FED. R. CRIM. P. 52(a). Conley's testimony in open court at the time of the prior guilty plea has a strong presumption of validity. See United States v. Abreo, 30 F.3d 29, 31 (5th Cir.) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977)), cert. denied, 513 U.S. 1064 (1994). See also United States v. Smith, 844 F.2d 203, 208 (5th Cir. 1988). The plea colloquy reveals that Conley swore in open court that she understood the charges and the possible sentence, that she would have no right to appeal, and that the statements in her written and sworn guilty plea were correct. The sworn guilty plea indicates that Conley was informed of and waived her right to a jury trial. In the face of these prior sworn statements in writing and in open court, it was not prejudicial to Conley's substantial rights that the district court did not conduct a hearing on her allegations that her lawyer did not inform her of the charges or her right to a jury trial.

In her final point, Conley argues that the district court erred in denying her motion to sentence her under the safety-valve provision of 18 U.S.C. § 3553(f) and § 5C1.2. However, the district court did not err in failing to apply the safety-valve

4

provision to Conley's case because she has more than one criminal history point and because she did not provide to the government all information and evidence she had concerning the offense. <u>See</u> § 5C1.2.

**AFFIRMED.**